FILED

JUN 0 5 2003

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

IDEA PUBLIC CHARTER SCHOOL )
1027 45th Street, NE )
Washington, DC 20019 )
)
)
)
v. )
)
)
CARRIE GOODING, )
as next friend of the minor child, )
SHARMINE GOODING )
and )
CARRIE GOODING, individually )
1215 Florida Avenue, NE )
Washington, DC 20002 )
)
)
)
    Defendant. )
)

CASE NUMBER 1:03CV01224

JUDGE: Richard W. Roberts

DECK TYPE: Civil Rights (non-employmen

DATE STAMP: 06/■/2003

## COMPLAINT

### JURISDICTION

1.  Jurisdiction of this Court is found in 28 U.S.C. §1331, the Individuals with Disabilities in Education Act, 20 U.S.C. §§1415, *et seq.*, (herein IDEA) and 42 U.S.C. §§1983, *et seq.*

2.  Plaintiff is a District of Columbia Public Charter School which has elected to be it's own local educational agency (L.E.A.), under IDEA, for special education issues.

3.  Defendant and her minor child are currently residents of the District of Columbia and claimed DC residency for all or part of the time of the underlying

administrative proceedings.

## FACTS

4. Sharmaine Gooding is a seventeen year-old boy who attended IDEA Public Charter School during the 2002-2003 school year.

5. Prior to the April 9, 2003, Due Process Hearing, Sharmaine had been found eligible for special education and had been diagnosed with a learning disability.

6. Based on evaluations, the parent, Carrie Gooding, by counsel, was seeking to add an additional disability classification of "Other Health Impaired" (OHI).

7. Counsel for the parent also requested that the student be given a neurological evaluation and an electro-encephalogram (EEG).

8. Counsel for the parent also requested that the student be provided a vision and hearing evaluation.

9. Hearing Officer, Coles B. Ruff, in his determination dated April 23, 2003, stated that notice was sent by the DCPS Student Hearing Office to the parties, indicating that a hearing would be conducted on April 9, 2003.

10. However, as often is the case with DC Public Charter Schools who have elected to be their own local educational agency (L.E.A.), under IDEA, for special education issues, no notice was received by either the Charter School or their counsel.

11. Nevertheless, Mr. Ruff, concluded that based on the LEA's failure to appear, that the parent's counsel's request for relief should be granted.

12. Mr. Ruff's determination cites no facts, no basis for why the requested relief was necessary to provide the student FAPE, only that since the LEA wasn't present

that the relief requested was appropriate.

13. Not only did the DCPS Student Hearing Office fail to give notice of the April 9th hearing, it also failed to give notice, to either the Charter School or its counsel, of Mr. Ruff's determination dated April 23, 2003.

### Count I

14. Plaintiff repeats and realleges paragraphs 1-13.

15. Hearing Officer Ruff erred in granting the requested relief, based solely on the absence of the LEA, to the April 9, 2003, hearing.

### Count II

16. Plaintiff repeats and realleges paragraphs 1-13.

17. Hearing Officer Ruff erred in granting the requested relief, without hearing evidence from the LEA as to whether the relief was necessary to provide the student with FAPE, as required by the statutory and regulatory provisions of IDEA.

### Count III

18. Plaintiff repeats and realleges paragraphs 1-13.

19. Hearing Officer Ruff erred in not offering the LEA an opportunity to present evidence that would have established the the requested relief was not necessary in order for the student to receive FAPE.

### Count IV

20. Plaintiff repeats and realleges paragraphs 1-13.

21. Hearing Officer Ruff erred in not investigating whether the DCPS Student

Hearing Office's repeated failure to provide notices, its repeated failure to provide Hearing Officers copies of 5 day disclosures, and its repeated failure to accurately schedule hearings; may have impacted on the veracity and accuracy of whether the LEA had received notice of the hearing and/or had the Charter School's counsel, had a reasonable opportunity to present a defense on behalf of the LEA.

**WHEREFORE,** Plaintiff respectfully requests this Court:

1. Issue Judgment for the Plaintiff and against the Defendant on all aforementioned counts;

2. Award attorney fees and cost to Plaintiff; and

3. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

Paul S. Dalton, Esq.
DC Bar No. 439118
Dalton, Dalton, & Houston, P.C.
Beauregard Square, Suite 310
6303 Little River Turnpike
Alexandria, Virginia 22312-5045